**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| GDC ENTERPRISES, INC., <br><br>    Plaintiff, <br><br>v. <br><br>ROBCO MANUFACTURING, INC. d/b/a ALUMADOCK, <br><br>    Defendant. | Civil Action No.:_____ <br><br>**Jury Trial Demanded** |

## COMPLAINT FOR PATENT INFRINGEMENT

COMES NOW GDC Enterprises, Inc. (hereinafter "GDC"), the Plaintiff herein, and by and through its counsel, files this Complaint against the Defendant, Robco Manufacturing Inc. d/b/a Alumadock (hereinafter "Alumadock"), and in support thereof respectfully show the Court as follows:

### NATURE OF THE CASE

1. Plaintiff seeks legal and equitable remedies for infringement of United States Patent No. 8,668,407 for a "DOCKING SYSTEM WITH JOINT SUPPORTS" (hereinafter the '407 Patent), resulting from the actions and conduct of Defendant as set forth herein.

1

## PARTIES

2.  Plaintiff GDC is a Georgia corporation having a regular and established place of business at 1604 Athens Highway, in Gainesville, Georgia.

3.  Upon information and belief, Defendant Alumadock is a North Carolina corporation with a regular and established place of business at 651 Bear Pond Road in Henderson, North Carolina.

4.  Upon information and belief, Defendant Alumadock does business in this District and advertises, offers for sale, and/or sells the offending products in this District, including advertising and offering for sale the offending products at trade shows located within this District.

5.  Upon information and belief, Defendant Alumadock further does business in this District by selling and/or installing the offending products to customers located within this District.

## JURISDICTION AND VENUE

6.  This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a) because this action arises under the patent laws of the United States, Title 35 of the United States Code, including 35 U.S.C. § 271 *et seq*.

7.  Upon information and belief, the Defendant is subject to this Court's specific and general personal jurisdiction, pursuant to due process and/or the Georgia Long

Arm Statute, due at least to its substantial business in this forum, including related to the infringements alleged herein.

8. Upon information and belief, the Defendant has an interactive website through which the infringing products are advertised, offered for sale, and sold in this District to the general public, and the Defendant sells the infringing products to the general public in this District.

9. Upon information and belief, the Defendant is also subject to the Court's general jurisdiction, including from regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to persons or entities in this District.

10. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391 and 1400(b) for at least the reasons that a substantial part of the events giving rise to these claims occurred in this District, because Plaintiff has suffered injury in this District, and because Defendant resides in this District under the patent venue statute by virtue of having committed acts of patent infringement in this District.

## **FACTS**

11. On March 11, 2014, the '407 Patent was duly and legally issued by the USPTO.

12. The '407 Patent issued from an application filed with the USPTO on March 13, 2012 and has been at all times since its date of issue, valid and enforceable.

13. The claims of the '407 Patent cover dock construction systems. A true and

correct copy of the '407 Patent is attached hereto as Exhibit "A."

14. GDC is the owner of the '407 Patent by virtue of assignment of the '407 Patent from the named inventors.

15. GDC has standing to bring this lawsuit for infringement of the '407 Patent.

16. GDC has been advertising, promoting, marketing and selling dock construction systems under the '407 Patent.

17. Upon information and belief, Defendant has been offering for sale and selling products that infringe the '407 Patent, including a product under the name Alumadock.

18. Upon information and belief, Defendant has advertised, offered for sale and/or sold its infringing products, including the Alumadock products, to third-parties located in this District, including at trade shows located within this District.

19. The Defendant's advertising, offer for sale and sale of the infringing products has been without the permission, authority, or license of Plaintiff.

20. Upon information and belief, Defendant continues to offer for sale and sell products that infringe the '407 Patent.

## COUNT ONE: PATENT INFRINGEMENT- '407 PATENT

21. The allegations of each and every of the foregoing paragraphs are repeated and realleged as if set forth herein.

22. Upon information and belief, Defendant has infringed and is presently infringing the '407 Patent by making, importing, using, selling, and/or offering to sell within the United States, aluminum dock products.

23. The Defendant's acts have been without the permission, license, or consent of the Plaintiff.

24. Upon information and belief, the Defendant's infringement of the '407 Patent has been for the purpose of deriving revenue or other financial gain.

25. Upon information and belief, the Defendant will continue to infringe the '407 Patent unless enjoined by this Court.

26. The acts of Defendant constitute patent infringement in violation of 35 U.S.C. § 271 *et seq*.

27. Plaintiff is entitled to an injunction pursuant to 35 U.S.C. § 283, restraining Defendant, its officers, agents, employees, and all persons acting in concert with it from engaging in further infringement of Plaintiff's '407 Patent.

28. Plaintiff is entitled to recover its damages sustained as a result of the Defendant's infringement, including the Plaintiff's lost profits, but in any event no less than a reasonable royalty pursuant to 35 U.S.C. § 284.

29. Plaintiff is further entitled to recover its costs, expenses and reasonable attorney's fees incurred in bringing the present action pursuant to 35 U.S.C. § 284-285.

30. The circumstances of this case renders this case an exceptional case under 35 U.S.C. § 285.

31. The circumstances of this case justify an enhancement of the damages under 35 U.S.C. § 284, up to three times the actual damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for an Order of this Court, entering judgment:

A. That the Defendant has infringed the '407 Patent;

B. That Defendant, its officers, agents, servants, employees, representatives, and all others acting in concert or participation therewith, be permanently enjoined from further infringement of the '407 Patent;

C. That Plaintiff is awarded its lost profits due to Defendant's infringement;

D. That Plaintiff is awarded damages pursuant to 35 U.S.C. § 284 in an amount adequate to compensate Plaintiff for the patent infringement (in no event less than a reasonable royalty);

E. That based on the willful nature of the infringement, the damages are increased to three times the amount of damages found or assessed, and Plaintiff is awarded its costs and reasonable attorney's fees, all in accordance with 35 U.S.C. §§ 284-285;

F. That this case is exceptional under 35 U.S.C. § 285 such that Plaintiff is awarded its reasonable attorney's fees;

G.     That the Defendant shall destroy or surrender all infringing products, at Plaintiff's election;

H.     That Defendant be directed to file with the Court and serve on Plaintiff, no later than thirty (30) days after the issuance of an injunction, a report in writing under oath setting forth in detail the manner and form in which Defendant has complied with the Court's injunction;

I.     That Plaintiff is awarded its taxable costs, expenses, and pre-judgment and post-judgment interest; and

J.     That Plaintiff is awarded such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff requests a trial by jury of any and all issues so triable by right.

Respectfully submitted, this 3rd day of June, 2014.

/s/ *Robert B. Dulaney III*
Robert B. Dulaney III
Georgia Bar No. 232576
SMITH RISLEY TEMPEL SANTOS LLC
Two Ravinia Drive, Suite 700
Atlanta, GA 30346
Telephone: (770) 709-0080
Facsimile: (770) 804-0900
Email: rdulaney@srtslaw.com

Attorney for Plaintiff,
GDC Enterprises, Inc.

## CERTIFICATE OF COMPLIANCE

I hereby certify that the foregoing document complies with LR 7.1(D), NDGa. The font and point size used in preparing the foregoing is Times New Roman, 14 pt.

/s/ *Robert B. Dulaney III*
Robert B. Dulaney III
Georgia Bar No. 232576
SMITH RISLEY TEMPEL SANTOS LLC
Two Ravinia Drive, Suite 700
Atlanta, GA 30346
Telephone: (770) 709-0080
Facsimile: (770) 804-0900
Email: rdulaney@srtslaw.com